Defendant has moved for summary judgment and an order dismissing the petition for lack of jurisdiction. Plaintiff has sued under our general jurisdictional authority, 28 U.S.C. § 1491 (1976), and under section 10 of the Contract Disputes Act of 1978, Pub. L. 95-563, 41 U.S.C. § 609 (Supp. II 1978), appealing the adverse decision, dated *687 September 10, 1979, of a contracting officer of the General Services Administration (GSA). Plaintiff was awarded a contract, No. GS-01B-01620, March 11, 1977,. for the construction of a Federal Building in Pittsfield, Massachusetts. Alleging that the defendant’s plans and specifications were defective and that defendant made constructive changes and unnecessary inspections delaying the work, plaintiff seeks an equitable adjustment. Alternatively, plaintiff alleges a breach Of contract. On October 22,1979, plaintiff made a timely appeal to the GSA Board of Contract Appeals which docketed its claim as GSABCA No. 5585. On September 8, 1980, before the board had acted, plaintiff filed its petition in this court.
It is defendant’s position that section 10 of the 1978 Act authorizes direct access to the court in lieu of an appeal to an agency board from a contracting officer’s final decision on a claim under section 7 of the Act, 41 U.S.C. § 606 (Supp. II1978). In this, defendant is correct. The contractor has an election to appeal one place or the other, but not to both at the same time. If the contractor goes the board route, it can later appeal the board’s decision to the court. Section 8(g)(1) of the Act, 41 U.S.C. § 607 (Supp. II 1978). Defendant contends that since plaintiff made a prior election to prosecute its claim before the board, which has not yet acted on the appeal, the court lacks de novo jurisdiction and plaintiff must be bound by its election of remedies.
Responding to defendant’s dispositive motion, plaintiff now states that it does not oppose dismissal of the petition but requests it be accomplished by an order directing that the petition be transferred to the GSA Board of Contract Appeals to be consolidated with the case pending before that board in docket No. 5585, citing our order in Warwick Constr., Inc. v. United States, 225 Ct.Cl. 567 (1980).
Defendant resists this suggestion on the grounds that in Warwick plaintiff was asserting separate and distinct claims but that here plaintiff is advancing in its petition the identical claims currently pending before the board and, thus, there are no claims which need to be consolidated.
It is not clear from the papers before the court that the claims are identical, as defendant alleges, although this may be so. Even if they are the same we do not construe *688 section 10(d) of the 1978 Act, 41 U.S.C. § 609(d) (Supp. II 1978), as limiting our authority to transfer or consolidate only in a situation where it is clear that the claims are different. That section reads:
If two or more suits arising from one contract are filed in the Court of Claims and one or more agency boards, for the convenience of parties or witnesses or in the interest of justice, the Court of Claims may order the consolidation of such suits in that court or transfer any suits to or among the agency boards involved.
it is therefore ordered, upon consideration of the petition, the motion and response thereto, without oral argument, that defendant’s motion for smmary judgment be and it is hereby denied.
it is further ordered, that the petition be transferred to the General Services Administration Board of Contract Appeals for consolidation there with the case pending before that board in docket No. 5585.