E.D.S. FEDERAL CORPORATION

v.

The UNITED STATES.

No. 272–83C.

United States Claims Court.

July 6, 1983.

James D. McCarthy, Dallas, Tex., for plaintiff. R. Doak Bishop, Hughes & Hill, Dallas, Tex., Robert D. Wallick and Steptoe & Johnson, Washington, D.C., of counsel.

M. Susan Burnett, Washington, D.C., with whom was Asst. Atty. Gen., J. Paul McGrath, Washington, D.C., for defendant. David M. Cohen, Director, Thomas W. Petersen, Washington, D.C., Asst. Director, Lloyd M. Weinerman, and Rodney L. Benson, U.S. Dept. of Health & Human Services, Baltimore, Md., of counsel.

## ORDER ON DEFENDANT'S MOTION TO TRANSFER SUIT TO ARMED SERVICES BOARD OF CONTRACT APPEALS and ON PLAINTIFF'S CROSS–MOTION TO CONSOLIDATE ASBCA APPEALS IN CLAIMS COURT

PHILIP R. MILLER, Judge:

The complaint in this case, filed April 27, 1983, alleges the following: On August 25, 1978, plaintiff entered into Contract No. HCFA 78–050–2 (the Contract) with the Secretary of Health, Education and Welfare (HEW) under which plaintiff was to perform as the Medicare Part B carrier for the State of Illinois from 1978 through September 30, 1983. Pursuant to the Contract HEW conducted quarterly evaluations of plaintiff's performance, using two sets of criteria. System I, based on quantity workload data; and System II, based on seven functional contract performance standards. For each such System II standard which plaintiff failed to satisfy on a quarterly basis, plaintiff was to be assessed a penalty of $52,250. By letters dated November 23 and 24, 1982, HEW informed plaintiff of its determination that plaintiff had failed the Beneficiary Services and Professional Relations standard, one of·the System II standards, for the October-December 1981 and January-March 1982 quarters and assessed liquidated damages in the sum of $104,500, which plaintiff duly paid.

Plaintiff complains that such imposition of liquidated damages is an unlawful penalty, and further the HEW's determinations underlying the assessments are not in accordance with the Contract or the law and are arbitrary, capricious, so grossly erroneous as necessarily to imply bad faith, or not supported by substantial evidence, in that—

(a) all errors charged to plaintiff were pursuant to a performance monitoring plan not authorized by the Contract;

(b) errors were charged against plaintiff which were not charged against other Medicare carriers, or were not properly errors;

(c) the samples drawn from plaintiff's files which provided the basis for the charges of error and the methods used to draw them were not statistically valid and were in violation of the contract;

(d) the elements of the standard were evaluated on the basis of errors irrelevant to the aspect of plaintiff's performance which were being evaluated by such elements; and

(e) the testing was conducted capriciously, arbitrarily, grossly erroneously or in a manner unsupported by substantial evidence.

On May 19, 1983, defendant filed a motion pursuant to 41 U.S.C. § 609(d) (Section 10(d) of the Contract Disputes Act of 1978) to transfer this action to the Armed Services Board of Contract Appeals (ASBCA or Board), where four appeals arising out of the same Contract were already pending.

Examination of the allegations of complaints in those cases show them to be very similar to those in the instant case. ASBCA No. 27203, filed May 4, 1982, demands refund of payment of liquidated damages assessment of $104,500 for the January-March 1981 quarter. ASBCA No. 27302, filed July 6, 1982, demands refund of payment of liquidated damages assessments of $52,250 for the April-June 1981 quarter and $209,000 for the October-December 1981 quarter. ASBCA No. 27490, filed August 23, 1982, demands refund of payment of liquidated damages assessment of $52,-500 for the July-September 1981 quarter. And ASBCA No. 27,923, originally filed in the Claims Court (Cl.Ct. No. 336–82C) on October 5, 1982, and transferred to the ASBCA on January 3, 1983, demands refund of payment of liquidated damages assessments of $104,500 for the October-December 1980 quarter, $104,500 for the January-March 1981 quarter and $104,500 for the April-June 1981 quarter.

Plaintiff agrees that the five cases should be consolidated for trial or other disposition, but contends that it should be in this court and not before the ASBCA.

In the instant cases we do not evaluate the considerations for determining the appropriate forum for consolidation as *tabula rasa.* The same question was decided in *E.D.S. Federal Corp. v. United States,* 1 Cl.Ct. 212 (1983) (LYDON, J.), the fourth case. The court there ruled that the Claims Court case should be transferred to the ASBCA.

Plaintiff does not contend that the issue decided in the fourth case is distinguishable from that involved herein. Rather, plaintiff flatly contends that it was wrongly decided and should be overruled.

To grant plaintiff's motion to transfer the four cases pending before the ASBCA to this court would necessitate the nullification and reversal of Judge Lydon's decision of 6 months ago transferring the fourth case to the ASBCA and denying the transfer of the three original ASBCA cases to this court, despite the plaintiff's failure to take any steps to appeal that decision and despite the absence of any contention that the fifth case adds any new facet to the problem which was not presented to and considered by Judge Lydon.

Under these circumstances this is a clear case for application of "the law of the case" principle. The purpose of this principle is "to provide finality of judicial decisions." *United States v. Turtle Mountain Band,* 222 Ct.Cl. 1, 8, 612 F.2d 517, 521 (1979). It expresses "the practice of courts generally to refuse to reopen what has been decided," (*Messenger v. Anderson,* 225 U.S. 436, 444, 32 S.Ct. 739, 740, 56 L.Ed. 1152 (1912)), and the principle that "[w]here litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." *United States v. Turtle Mountain Band,* 222 Ct.Cl. at 8, 621 F.2d at 521, quoting from *Zdanok v. Glidden Co., Durkee Famous Foods Division,* 327 F.2d 944, 953 (2d Cir.), *cert. denied* 377 U.S. 934, 84 S.Ct. 1338, 12 L.Ed.2d 298 (1964).

█ Although the law of the case is not an inexorable command, a court will generally adhere to a ruling on the same issue unless one of three "exceptional circumstances" exist; (1) the evidence at a subsequent trial was substantially different, (2) controlling authority has since made a contrary decision of law applicable to such issues, or (3) the decision was clearly erroneous and works a manifest injustice. *Northern Helex Co. v. United States,* 225 Ct.Cl. 194, 200, 634 F.2d 557, 561 (1980); *United States v. Turtle Mountain Band,* 222 Ct.Cl. at 7–8, 612 F.2d at 521.

Since in this case plaintiff only argues that (3) applies, the Court of Claims' comments in *Turtle Mountain Band, supra,* with respect to the kind of showing of error which must be made before a prior ruling

may be reexamined are highly pertinent (222 Ct.Cl. at 8–9, 621 F.2d at 521):

A strong showing of clear error * * * is required before a court should reexamine its decision in the prior appeal. Speaking for the court in *Zdanok, supra,* 327 F.2d at 952, Judge Friendly noted that a conflicting Sixth Circuit opinion, a vigorous dissent to the initial decision, and a great amount of critical discussion of that decision in law reviews made him doubt whether the court would follow its earlier decision if presented with a different but similar factual situation. But, he went on, "[t]his is precisely the situation in which 'the law of the case' is decisive; * * 'mere doubt on our part is not enough to open up the point for full reconsideration.'"

* * * In this case, not only is there no "plain error," but the government's failure to present any new indications of error does not even create the doubts that Judge Friendly in *Zdanok* ruled were insufficient to warrant reconsideration of the prior decision.

Plaintiff contends that a major purpose of the Contract Disputes Act of 1978, Pub.L. 95–563, 92 Stat. 2383, was to restore to government contractors, at their option, the right to a day in court rather than before an administrative agency. Therefore, plaintiff urges, after this court decides that two or more claims cases involving a single contract, pending before a board of contract appeals and in this court, should be consolidated in a single forum—

1. The Court should presume that a plaintiff's choice of consolidation forum is the proper one;

2. It should be the Defendant's burden to overcome the presumption that a plaintiff's choice of consolidation forum is proper; and

3. Defendant should be allowed to overcome the presumption, and consolidate cases in a forum not chosen by a plaintiff, only upon a showing that the proposed consolidation will achieve the efficiencies for which the consolidation provisions were enacted, and do so at a level sufficient to counterbalance the high value Congress has assigned to a plaintiff's choice of forum.

Plaintiff asserts that the factors relied on by the court in the fourth case in deciding that the consolidation should be in the ASBCA are either irrelevant to the more efficient disposition of the claims or their contribution to such greater efficiency is not sufficient to outweigh plaintiff's choice of this court as the forum for consolidation. Thus, plaintiff argues that the only factor applied by the court in the fourth case, and by defendant now, which bears on efficiency, is that work has already been done in the Board cases, but that such work is not significant because it has been almost entirely by the parties by way of discovery, rather than the Board, and the benefits of such discovery are transferable to another forum.

However, plaintiff's view of the law is not necessarily supported by either the words of the controlling statute or its legislative history. Title 41 U.S.C. § 609 (Supp. IV 1980) (as amended by Pub.L. 97–164, § 160(a)(15), 96 Stat. 25, 48 (1982)) provides:

**(d) Consolidation**

If two or more suits arising from one contract are filed in the United States Claims Court and one or more agency boards, for the convenience of parties or witnesses or in the interest of justice, the United States Claims Court may order the consolidation of such suits in that court or transfer any suits to or among the agency boards involved.

The pertinent considerations set out in the section are "the convenience of the parties or witnesses" and "the interest of justice." Nowhere does it mention "efficiency", nor state that the plaintiff's election of the forum for consolidation should otherwise have controlling effect.

Plaintiff cites the following provision of the report of the Senate Committees on Government Affairs and the Judiciary in support of its view as to the proper application of § 609(d). (S.Rep. No. 95–1118, 95th

Cong.2d Sess., p. 31, reprinted in 1978 U.S. Code Cong. & Ad.News 5235, 5265):

> it is intended that the Court of Claims have the same ultimate authority to consolidate suits that are split between the court and the agency boards, but the committees specifically recommend that the Court of Claims be sensitive to the reasons why the suits have been split, and should not consolidate only for the sake of consolidation. * * *
>
> The Court of Claims, when reviewing the decision to consolidate, should not arbitrarily take away the contractor's right to his day in court by consolidating two suits in the agency boards, and thus forcing one suit out of the court. It is the intent of the section to make available the opportunity to consolidate like suits in one jurisdiction, but this action should weigh the positions of the parties involved.

But this committee report does not clarify the statutory language nor help resolve the issue herein, as plaintiff asserts. Neither party desires that the suits remain split and neither contends that the consolidation here sought is "only for the sake of consolidation." Although the Report states that the court should not "arbitrarily" take away the contractor's right to his day in court by consolidating two suits in the agency board, it does not delineate the circumstances under which (after both parties concur on consolidation) assignment to one forum or the other in which the contractor sued is "arbitrary." Contrary to plaintiff's position, however, it does make clear that the court is to weigh the positions of both parties in deciding this question, rather than that of the contractor alone. Thus it is difficult to conclude that Congress intended that, absent only a showing of greater efficiency in the disposition of the case by the ASBCA, the contractor's unilateral choice of the Claims Court for consolidation should always control.

In the fourth case (*E.D.S. Federal Corp. v. United States,* 1 Cl.Ct. 212, 213–15 (1983)), after the Claims Court ruled that the claims should be consolidated, it determined that transfer of the court case to the Board rather than the Board cases to the court was preferable because—

(1) Three cases were pending before the Board and only one case in the court.

(2) Plaintiff elected to bring the three cases initially before the Board and plaintiff advanced no reason why the Board had become no longer suitable to hear and decide them.

(3) The claims before the Board were in the aggregate larger in amount than those in the court.

(4) Discovery was already proceeding on the Board claims but no pretrial proceedings had been begun by the parties in the court case.

(5) The claims before the Board were more complex than those before the court, and the "hair (the simple claims) should follow the hide (the complex claims)."

■ Having in mind the statutory standards, namely "the convenience of the parties or witnesses" and "the interests of justice", it cannot be concluded that the factors applied by Judge Lydon in *E.D.S. Federal Corp. v. United States, supra,* in determining that the preferred tribunal for all the claims is the ASBCA rather than this court, are so unreasonable as to be clearly erroneous.

Furthermore, apart from the law of the case, the reasons given in the fourth case for transfer to the ASBCA are even more persuasive here. First, instead of there being three cases under the same contract before the Board there are now four. Second, in this case too, plaintiff fails to advance any reason why the ASBCA, which plaintiff originally selected, is no longer a suitable forum, or is less suitable than this court for determination of the merits of the cases. Third, as a result of the transfer of the fourth case to the ASBCA, the claims before the Board now total $731,750 as against only $104,500 here. In *Dravo-Groves v. United States,* 231 Ct.Cl. —— (No. 371–81C, decided July 16, 1982), the Court of Claims held that the fact that "the claim before the board overwhelms the others" is

a factor in favor of transfer of the smaller claims to the Board. Fourth, defendant informs us (without contradiction by plaintiff) that after the transfer of the fourth case to the Board, on January 12, 1983, it was docketed by the Board and was consolidated with the first three; that "Discovery has been initiated in these four consolidated appeals, but not completed"; and that "The ASBCA has issued an order directing the scheduling of proceedings." The fact that such work has been done on the Board cases also militates in favor of transfer of all of the cases there. *Warwick Constr. Co. v. United States,* 225 Ct.Cl. 567, 650 F.2d 289 (1980). While plaintiff argues that the benefits of such discovery would also be transferable to the court, plaintiff ignores the fact that different attorneys represent the United States before the Board and before the court and it would be a waste of defendant's resources and of both parties' time for new defense attorneys to familiarize themselves with the files.

Accordingly, defendant's motion is allowed and plaintiff's motion is denied.

IT IS THEREFORE ORDERED that pursuant to the authority of 41 U.S.C. § 609(d), this case be transferred to the Armed Services Board of Contract Appeals for consolidation with ASBCA Nos. 27203, 27302, 27490 and 27923.