**MULTI–ROOF SYSTEMS CO., INC.**

v.

**The UNITED STATES.**

**No. 68–84C.**

United States Claims Court.

May 30, 1984.

Gregory E. Ronan, New York City, for plaintiff.

Thomas W.B. Porter, Washington, D.C., with whom was Acting Asst. Atty. Gen., Richard K. Willard, Washington, D.C., for defendant.

## ORDER

YOCK, Judge:

This case comes before the Court on the defendant's motion to transfer this action to the Armed Services Board of Contract Appeals (ASBCA or Board). The plaintiff, Multi-Roof Systems Co., Inc. (Multi-Roof), does not contest defendant's motion with respect to plaintiff's claim for an equitable adjustment to the original contract price, but opposes the transfer to the ASBCA claims by the Government for liquidated damages and costs to the extent they may be asserted in this Court. After careful consideration of this matter, the Court has determined that it is in the interest of justice and convenience of the parties to grant the Government's motion to transfer this case to the ASBCA.

### Facts

This suit arises out of a contract for the repair of a warehouse roof, No. FO4699–81–C–0201, between plaintiff Multi-Roof and the United States Air Force. The contract, awarded on November 5, 1980, provided for repair of a warehouse roof at McClellan Air Force Base, California. On July 29, 1981, the Air Force terminated the contract for default. On October 1, 1981, plaintiff filed with the ASBCA complaint No. 26464, which challenged the termina-

tion for default, requested that it be converted to a termination for the convenience of the Government, and requested equitable adjustments and modifications to the contract. This Court infers from the record, which is less than crystal clear on this point, that the Government asserted claims for excess reprocurement costs, laboratory test costs, and liquidated damages in a counterclaim before the trial at the Board commenced.

The case was tried at the ASBCA, during which a voluminous transcript (over 700 pages) was generated. The issues of fact tried at the ASBCA included: defective specifications, impossibility of performance, quality of workmanship, excuses for delayed performance, Government interference with performance, Government changes in the project, faulty inspection, and Governmental withholding of progress payments. A decision on the case has not yet been rendered by the Board.

On February 14, 1984, while a decision at the Board was still pending, plaintiff filed its complaint in this Court. In the complaint, plaintiff alleged entitlement to equitable adjustments to the contract in time and price due to defective specifications, Government interference with performance, withholding of progress payments, and improper inspection. It also challenged the Government's counterclaims. Furthermore, plaintiff specifically requested monetary relief with interest under the Contract Disputes Act of 1978 (CDA), 41 U.S.C. §§ 601–613. The plaintiff does not contest that the factual issues raised by the complaint in this Court are substantially the same as those pending before the ASBCA.

On April 16, 1984, defendant moved the Court for transfer of this case to the ASBCA, and concomitantly moved for an enlargement of time for answering the complaint. Plaintiff responded on May 2, 1984 with an Affidavit In Opposition to the defendant's motion to transfer. Plaintiff did not contest defendant's motion for an enlargement of time.

*Discussion*

The defendant seeks by motion to transfer and consolidate the case before this Court with the case currently pending in the ASBCA. As authority the defendant relies on section 10 of the Contract Disputes Act of 1978, 41 U.S.C. § 609(d), which provides:

> If two or more suits arising from one contract are filed in the United States Claims Court and one or more agency boards, for the convenience of parties or witnesses or in the interest of justice, the United States Claims Court may order the consolidation of such suits in that court or transfer any suits to or among the agency boards involved.

The defendant asserts that the interest of justice would be served by the transfer of this case to the Armed Services Board of Contract Appeals. The plaintiff does not oppose defendant's motion to transfer to the extent that defendant seeks to transfer plaintiff's claim for an equitable adjustment to the original contract price. The plaintiff does oppose the defendant's motion to transfer to the Board the Government's counterclaim for liquidated damages and costs, in the event the Government chooses to assert a counterclaim in this action.[1]

 Whether a suit filed in court should be transferred to an agency board is a discretionary action that embraces a variety of factors, and is an *ad hoc* determination. *E.D.S. Federal Corp. v. United States*, 1 Cl.Ct. 212, 214 (1983). This Court appreciates the policy found in the legislative history of the CDA that consolidation should not be arbitrarily effected without due consideration for the contractor's right to its day in court. S.Rep. No. 95–1118,

---

**1.** The Government filed its Motion for Transfer in this action in lieu of filing its answer to the plaintiff's complaint. Hence, there is no Government answer nor any Government counterclaim for liquidated damages and costs outstanding in this court action at this point. In any event, the Board has jurisdiction over Government counterclaims just as this Court does and could, accordingly, deal with them in an appropriate manner.

95th Cong., 2d Sess. *reprinted in* 1978 U.S.Code Cong. & Ad.News 5235, 5265; *see also E.D.S. Federal Corp. v. United States,* 2 Cl.Ct. 735, 739 (1983); *Roubin & Janeiro, Inc. v. United States,* 652 F.2d 70, 227 Ct.Cl. 580, 582 (1981). However, this consideration must be balanced against the statutory language that consolidation or transfer will be appropriate when the "interest of justice" or the "convenience of parties" so prescribe. *E.D.S. Federal Corp., supra,* 1 Cl.Ct. at 214; *see* 41 U.S.C. § 609(d).

■ It is clear to this Court, after careful review of all the pleadings and papers, that defendant's motion for transfer is in the interest of justice and for the convenience of parties, and therefore should be granted.

Factors that have been taken into consideration by this Court and its predecessor in determining whether to transfer an action to the appropriate agency board have included: (1) disputes concerning the same contract, *Space Age Engineering, Inc. v. United States,* 2 Cl.Ct. 164, 165 (1983); *E.D.S. Federal Corp., supra,* 1 Cl.Ct. at 214; *Roubin & Janeiro, Inc., supra,* 652 F.2d 70, 227 Ct.Cl. at 580, (2) overlapping or the same issues in both forums, *Space Age Engineering, Inc., supra,* 2 Cl.Ct. at 165; *Roubin & Janeiro, Inc., supra,* 652 F.2d 70, 227 Cl.Ct. at 583, (3) election by plaintiff to initiate proceedings at the agency board, *E.D.S. Federal Corp., supra,* 2 Cl.Ct. at 214; *David J. Tierney, Jr., Inc. v. United States,* 652 F.2d 69, 226 Ct.Cl. 686, 687 (1981), (4) substantial effort expended by one forum, but not by the other, *Space Age Engineering, Inc., supra,* 2 Cl.Ct. at 165; *E.D.S. Federal Corp., supra,* 1 Cl.Ct. at 214, and (5) duplication of efforts by the forum and the parties, *Space Age Engineering, Inc., supra,* 2 Cl.Ct. at 165.

In the instant case, all of the above-enumerated factors weigh in favor of granting the defendant's motion to transfer this case to the Board. First, the issues in dispute concern the same Government contract, No. FO4699–81–C–0201, thus they "arise from one contract" under the CDA. Sec-

ond, the plaintiff does not disagree that it raised the same issues in its original complaint before the ASBCA, or that these issues have been argued before the Board. Most of the claims involved before both the Court and the Board are duplicate claims, and as such should be decided in one forum. However, to the extent that the claims are not duplicated in both forums they involve substantially overlapping or related issues which should be decided by one tribunal. Third, the plaintiff elected under the CDA to bring these issues originally before the Board, rather than to this Court, and is precluded from bringing suit concomitantly in both forums by the Act. 41 U.S.C. §§ 606, 609(a)(1); *Santa Fe Engineers, Inc. v. United States,* 677 F.2d 876, 230 Ct.Cl. 512 (1982); *David J. Tierney, Jr., Inc., supra,* 652 F.2d 69, 226 Ct.Cl. at 687. With respect to the fourth and fifth factors enumerated above, this Court notes that considerable efforts have already been expended by the Board, which generated over 700 pages of transcript during its investigation into the factual issues, in furthering the resolution of the parties' claims. This is more than the "scintilla" of work the Court of Claims found significant to this issue in *Warwick Construction, Inc. v. United States,* 650 F.2d 289, 225 Ct.Cl. 567, 571 (1980). Certainly more work has already been performed by the Board with respect to these claims than has been done at the Court, which again would dictate that the matters be transferred to the Board. Finally, different attorneys represent the United States before the Board and before the Court and it would be a waste of both parties' time for new defense attorneys to familiarize themselves with the suit.

In granting defendant's motion, the Court emphasizes the fact that in resolving this question, the Court is constrained to weigh the positions of both parties, rather than that of the contractor alone. *E.D.S. Federal Corp., supra,* 2 Cl.Ct. at 739. Plaintiff has offered in none of its pleadings any substantial justification for this Court to retain jurisdiction over plaintiff's

claims. In its opposition to defendant's motion, plaintiff failed to address any of the considerations proposed to justify the defendant's motion to transfer. The Court, therefore, has no basis on which to render a decision on this motion favorable to Multi-Roof.

In its Affidavit In Opposition To Motion For Transfer, plaintiff urges this Court to retain jurisdiction of its suit, even if only to the extent that it may prospectively recover attorneys' fees for the litigation, under the Equal Access to Justice Act, 28 U.S.C. § 2412 (EAJA). Under the EAJA, the United States may be held liable for the attorneys' fees and expenses of the prevailing party "unless the court finds that the position of the United States was substantially justified * * *." 28 U.S.C. § 2412(d)(1)(A). To support its claim, plaintiff asserts that the claims of the Air Force are "frivolous," [2] which term this Court interprets as an assertion by the plaintiff that the position of the Air Force was not "substantially justified" under 28 U.S.C. § 2412(d)(1)(A).

 First, this section of the Act only applies to the Government's litigating position taken before the Court, and not to the administrative action that prompted the suit. *Gava v. United States,* 699 F.2d 1367, 1371 (Fed.Cir.1983); *Broad Avenue Laundry and Tailoring v. United States,* 693 F.2d 1387, 1390 (Fed.Cir.1982). Plaintiff's allegations clearly address actions taken by the Air Force before suit in this Court was commenced. Furthermore, under the EAJA, attorneys' fees are awarded only to a prevailing party in this Court. Even should this Court retain jurisdiction over plaintiff's claims, it is not by any means a foregone conclusion that plaintiff would prevail on the merits so as to justify

an award of attorneys' fees under the EAJA. Thus, this Court cannot address at this time the assertions of the plaintiff that form the basis of its allegation that the claims of the Air Force are not substantially justified.

For all of the above reasons, this Court concludes that the claims pending in this Court should be transferred to and consolidated with those claims pending before the Armed Services Board of Contract Appeals under docket No. 26464.

IT IS SO ORDERED.

---

**2.** In its affidavit in opposition to the defendant's motion, plaintiff asserted that:

"a. The claimed liquidated damages are computed from the termination date, which was prior to the contract completion date, to the date the Air Force finally awarded a repair contract to another contractor.

"b. The Air Force architect admitted under oath that the claimed repair costs were necessary, because the Air Force failed to protect the roof from the elements after the plaintiff was terminated.

"c. The claimed testing costs are actually litigation expenses incurred by the Air Force to rebut a test report, which indicated that plaintiff's roofing work was properly performed."