**GLENDALE JOINT VENTURE, et al., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 594–85C.**

United States Claims Court.

Sept. 22, 1987.

Jack Rephan, Washington, D.C., for plaintiff.

Sheryl Floyd, Washington, D.C., for defendant.

## ORDER DIRECTING THE CONSOLIDATION OF PLAINTIFF'S CLAIMS

NAPIER, *Judge.*

This matter comes before the Court on defendant's motion to consolidate plaintiff's appeals of two contracting officer decisions involving Lease Agreement No. GS–03–B–60053. Plaintiff, Glendale Joint Venture, et al., first filed suit in the Claims Court in 1985 to contest a General Services Administration (GSA) contracting officer's final decision. In its complaint of October 8, 1985, Glendale asserted that GSA was liable for second-tier subcontractor damages in the amount of $377,179 resulting from the implementation of a defective design procured by the government, and that the contracting officer's decision regarding the matter was "arbitrary, capricious, [and] grossly erroneous as a matter of law.... " *Complaint,* filed October 8, 1985, at p. 3. GSA, on the other hand, believed that Glendale was liable to the government for excess lease payments that had been paid during a period when the government was unable to use the leased building. GSA attempted to recoup the payments by (1) issuing a second final decision demanding the amount of the excess payments, and (2) filing a counterclaim to Glendale's claim in the Claims Court. Glendale appealed the second contracting officer's decision to the GSA Board of Contract Appeals (GSBCA), and requested the Court to dismiss the counterclaim, as it sought precisely that which the second decision demanded. GSA is now requesting the Court to consolidate the claims before the Court and to deny plaintiff's motion to dismiss defendant's counterclaim. This Order grants defendant's motion, and, therefore, denies plaintiff's motion.

### Background

On February 27, 1976, Glendale, the lessor, agreed to lease the Matland Building, located in Glendale, Maryland, to GSA for a period of ten years. Plaintiff asserts that, pursuant to this agreement, in 1977, GSA initiated action necessary for certain repairs to the building. GSA discussed the design of the repairs with the Shefferman and Bigelson Company, consultant engineers. This company prepared a proposal for the plans necessary for remodeling the building. Glendale received the proposal and then submitted it to GSA for approval. GSA approved it, and directed Glendale to subcontract with three second-tier subcontractors to perform the work as described in Shefferman and Bigelson's design. On July 18, 1978, GSA notified Glendale that the designs were defective and demanded that Glendale correct the problem to meet GSA's requirements under the prime contract. At the same time, each of the three subcontractors, Beach, Pierce, and Utility Cos., who had been repairing the building in accordance with the design plans, submitted a claim for impact and delay costs. The three separate claims totalled $377,179.

Glendale claims that GSA is liable for the subcontractors' damages since GSA directed Glendale to subcontract with Shefferman and Bigelson. GSA has denied responsibility for the claims. On April 18, 1985, pursuant to the Contract Disputes Act, the contracting officer issued a final decision on Glendale's claim. The decision essentially dismissed the claim as being without merit. Glendale then brought an appeal of that decision in this Court with the filing of Complaint No. 594–85C, dated October 8, 1985.

On February 20, 1987, the contracting officer issued a second final decision. This decision declared that since GSA was "deprived of full use and enjoyment of certain portions of [the] Matland Building for a nineteen month period, ... it is entitled to the return of rental payments of $421,060 [plus interest as provided by law] made to Glendale." *Plaintiffs' Motion to Dismiss Defendant's Counterclaim,* filed May 18, 1987, at p. 2. According to §§ 606 and 609 of the Contract Disputes Act, and by its own acknowledgment, GSA's February 20, 1987 decision gave Glendale the option of

filing an appeal before either the GSBCA or the Claims Court. Glendale chose to file a Notice of Appeal with the GSBCA on April 2, 1987. A few weeks later, on April 21, 1987, despite the pendency of the same issue before the GSBCA, GSA filed a motion with the Claims Court to counterclaim Glendale's complaint. The counterclaim alleged precisely that which the GSA contracting officer had declared earlier in his February 20, 1987 decision, that Glendale was liable to GSA for excess lease payments of $421,060. Plaintiff subsequently filed a motion to dismiss the counterclaim, asserting that it "duplicates the action now pending at the GSBCA...." *Id.* at p. 4.

### Discussion
### Consolidation of the Appeals

██ GSA would like the Claims Court to deny plaintiff's motion to dismiss the counterclaim, and to consolidate the two cases in the Court. Indeed, the factors set forth in applicable case law governing consolidation of cases initiated pursuant to the Contract Disputes Act, indicate that the appeals should be heard in one forum. The decision is to be made on an ad hoc basis depending on various factors. In *Multi-Roof Systems Co., Inc. v. United States,* 5 Cl.Ct. 245 (1984), Judge Yock found it proper to transfer a case before the Claims Court to the ASBCA, since (1) the factual issues in the complaint were similar to those before the Board, and (2) the Board had spent a considerable amount of time and effort on the case. Other factors that should be taken into consideration include (1) whether the disputes before the Court involve the same contract, and (2) whether the plaintiffs elected to initiate proceedings at the Board or in the Court. *See generally, Triax Co. v. United States,* 11 Cl.Ct. 130 (1986); *Multi-Roof, supra,* at 248; *Space Age Engineering, Inc. v. United States,* 2 Cl.Ct. 164, 165 (1983); *E.D.S. Federal Corp. v. United States,* 1 Cl.Ct. 212, 214 (1983); *Roubin & Janeiro, Inc. v. United States,* 227 Ct.Cl. 580, 652 F.2d 70 (1981).

██ The circumstances of the Glendale situation suggest that the cases merge into one appeal. The same contract, Lease Agreement No. GS–03–B–60053, is in dispute, and the issues of both cases involve the question of who, Glendale or GSA, is responsible for damages resulting from Shefferman and Bigelson's defective repair designs. Although neither the Claims Court nor the Board has expended significant effort in the cases, since "different attorneys represent the United States before the Board and before the Court it would be a waste of both parties' time for [two] defense attorneys to familiarize themselves with the suit." *Multi-Roof, supra,* at 248.

### Choice of Forum

Upon careful consideration of the factors mentioned above, the Court has concluded that it would be most appropriate to consolidate the appeals before the Claims Court. Although neither forum has become heavily involved in the case, plaintiff first brought the issue to the Court, with the filing of Complaint No. 594–85C. *See Complaint,* filed October 8, 1985, at p. 2. Plaintiff thereby invoked the Court's jurisdiction over the question of who, GSA or Glendale, is responsible for the result of Shefferman and Bigelson's defective designs. Therefore, if plaintiff were allowed to combine the actions at the GSBCA, the Court would be deprived of its jurisdiction to hear the issue in controversy, founded pursuant to Sections 6(c)(5) and 10(a) of the Contract Disputes Act, 41 U.S.C. §§ 605(c)(5) and 609(a), after plaintiff itself, had initially elected the forum. A different result would allow forum shopping by any plaintiff after the initiation of an action where the factual issues were similar and derived from the same contract when a counterclaim had been asserted. This would lay the predicate for misallocation of judicial resources, solely at the election of plaintiff.

### Conclusion

In light of the above analysis, the Court concludes that the case pending before the GSBCA, *Appeal of Glendale Joint Venture,* be transferred to and consolidated

with plaintiff's claim pending before the Claims Court in the above captioned case.

IT IS SO ORDERED.