ORDER
GIBSON, Judge:
This case comes before the court on Defendant’s Motion to Transfer this suit to the Armed Services Board of Contract Appeals (ASBCA), pursuant to 41 U.S.C. § 609(d), as amended.[1]
Plaintiff filed its Petition in this court on January 12, last, praying for liquidated damages, plus interest, wrongfully assessed against it on Contract No. DAAG10-80-D-1002 in the aggregate amount of $74,628.88 (which was premised on, inter alia, the failure to comply with the performance standards of the contract and overtime costs incurred for Government employees required to work overtime).
Rather than initially filing its Memorandum in opposition to the defendant’s motion to transfer, on March 11, 1983, plaintiff filed a “Motion for Enlargement of Time, Rule 6(b) to Answer Defendant’s Motion to Transfer” of thirty (30) days. Defendant’s Opposition to Plaintiff’s Motion for an Extension of Time was filed on March 16, 1983, and on March 23, 1983, this court denied plaintiff’s motion for enlargement of time.
After a thorough review of all of the pleadings, and “in the interest of justice,” this court is constrained[2] to grant defendant’s motion to transfer subject case to the ASBCA for the following reasons:
(i) the issues in subject case and the four (4) appeals presently pending before the ASBCA arise under the same contract;
(ii) several of the issues pending before the ASBCA mirror the issues in subject case and involve analysis and interpretation of the same contract provision(s);
(iii) substantial work, at this posture, apparently has been done on the appeals pending before the ASBCA, in contradistinction to the fact that the case was recently filed in this court and no substantive work thereon has been performed;
(iv) to permit the four ASBCA appeals and subject case to be initially resolved in two different forums is clearly, under the facts here, an improper utilization of judicial resources and undoubtedly will result in unnecessary duplicitous efforts by the parties as well as the forums; and
(v) last but not least, the desirability of uniformity of interpretation of the same contract provisions argues strongly for the transfer.
IT IS SO ORDERED that the subject case be transferred to the ASBCA to be consolidated with the pending appeals thereat.[3]

. That section provides as follows: “If two or more suits arising from one contract are filed in the United States Claims Court and one or more agency boards, for the convenience of parties or witnesses or in the interest of justice, the United States Claims Court may order the consolidation of such suits in that court or transfer any suits to or among the agency boards involved.”

. Warwick Construction, Inc. v. United States, 225 Ct.Cl. 567, 650 F.2d 289 (1980), teaches that the granting of a 41 U.S.C. § 609(d) motion is discretionary with the court and, in addition, the court may order a case to be transferred sua sponte.

. ASBCA No. 25761; ASBCA No. 25982; ASBCA No. 26020; and ASBCA No. 26381.