SKIP KIRCHDORFER, INC., Plaintiff,

v.

The UNITED STATES, Defendant.

No. 690–83C.

United States Claims Court.

March 9, 1984.

Laurence J. Zielke, Louisville, Ky., for plaintiff.

Joseph T. Casey, Jr., Washington, D.C., with whom was Asst. Atty. Gen. Richard K. Willard, Washington, D.C., for defendant.

## ORDER

NETTESHEIM, Judge.

At issue after argument is defendant's motion pursuant to 41 U.S.C.A. § 609(d) (West Supp.1983), to transfer plaintiff's complaint from this court to the Armed Services Board of Contract Appeals (the "ASBCA").

## FACTS

In 1980 plaintiff entered into a contract priced at over $1 million to maintain certain Air Force family housing units. After performance terminated in late October 1982, plaintiff formally made a claim to the Air Force for additional excess service calls in the amount of $723,620.76. The claim was denied in July 1983, and plaintiff filed suit in the United States Claims Court on November 17, 1983. Charging breach of contract, plaintiff alleges that its low bid as to service calls was based on defective historical data presented by defendant. Plaintiff alternatively claims that defendant breached an express or implied warranty of specifications by supplying such defective data, or that defendant changed the scope of the contract and work required thereunder by substantially increasing the number of service calls required.

Before plaintiff completed contract performance, it initiated a claim with the contracting officer for $16,537.60 to recoup the cost of the first 200 square feet of interior painting per unit of military family housing units. The denial of this claim in December 1982 was appealed to the ASBCA in September 1983. Another claim followed in November 1982 for $33,250.00 representing the first $50.00 of the cost for replacement of heat pumps under the contract. Upon denial of this claim in April 1983, an appeal was lodged immediately thereafter with the ASBCA. The third claim before the ASBCA after completion of the contract derived from the Government's demand for repayment for certain materials transferred to plaintiff's control, and for which plaintiff is allegedly bound to account, amounting to $28,118.74. The contracting officer's final decision was issued in August 1983, and this matter has been pending on appeal before the ASBCA since October 1983.

At present the first two ASBCA matters are consolidated, and, after denial of summary judgment motions, defendant has filed one set of six interrogatories on one claim and intends to seek additional discovery in the ASBCA proceeding before trial. Plaintiff represents that it will seek limited, if any, discovery and may move for a hearing on the record in these consolidated cases. The Government will seek consolidation of its counterclaim with the other claims and anticipates proceeding without discovery.

## DISCUSSION

41 U.S.C.A. § 609(d) provides in full:

Consolidation. If two or more suits arising from one contract are filed in the United States Claims Court and one or more agency boards, for the convenience of parties or witnesses or in the interest of justice, the United States Claims Court may order the consolidation of such suits in that court or transfer any suits to or among the agency boards involved.

Consistent with orders entered by the United States Court of Claims, *see, e.g., Dravo-Groves v. United States,* No. 371–81C, slip op. at 4 (Ct.Cl. July 16, 1982) (order transferring related claim to agency board); *Roubin & Janeiro, Inc. v. United States,* 227 Ct.Cl. 580, 582–83 (1981) (order transferring omnibus claim to agency board) (discussing legislative history relating to transfer provision), the judges of this court have ordered transfer of actions filed in this court when plaintiff has initially filed more complex and related claims for greater dollar amounts with agency boards and when discovery in the board proceedings is underway. *See E.D.S. Federal Corp. v. United States,* 2 Cl.Ct. 735, 379 (1983) (MILLER, J.); *E.D.S. Federal Corp. v. United States,* 1 Cl.Ct. 212, 214–15 (1983)

(LYDON, J.). *See also Space Age Engineering, Inc. v. United States,* 2 Cl.Ct. 164 (1983) (GIBSON, J.)

This case, however, lacks several characteristics which have heretofore prompted transfer: Contract provisions are involved that are not at issue in the appeals before the ASBCA; the claims are not related factually; the three claims before the agency board aggregate slightly over ten percent of the amount at issue here; and plaintiff has offered a reasonable explanation—the opportunity to seek recovery of attorneys' fees—for electing to try its major claim in this court after having filed its first claim before the board six months earlier. Plaintiff also explains that the Claims Court case was filed after the claims before the ASBCA, although it arose first in time, only because the Air Force considered settling it over a protracted period.

Defendant argues that transfer of the claim in this court to the ASBCA will convenience the parties or witnesses. If the claim in this court is not transferred, defendant points out that the United States will conduct its defense before the board through the Air Force and in this court through the Department of Justice. Were this institutional duplication of itself enough to warrant transfer, the pendency before a board and this court of claims arising from the same contract would always trigger transfer, and no need would exist for the language of section 609(d) allowing transfer at the court's discretion.

Defendant is also troubled by the spectre of two discovery proceedings and two trials involving witnesses on two different dates at two different locations. Defendant does not argue that proceedings would be duplicative, or that the discovery in both forums would garner the same information, or that the same witnesses would testify (other than the contracting officer). Although, as defendant suggests, resolution of the Government's counterclaim, including settlement, would be more appropriate if asserted against all plaintiff's claims, the pendency of a government counterclaim before the board, coupled with the inconvenience to the Government of defending two cases by two different attorneys, is not sufficient to command transfer of plaintiff's major claim to the board for the convenience of the parties or witnesses. Plaintiff should not be deprived of its opportunity to proceed in its chosen forum with respect to a claim that monetarily "overwhelms" those at the board, *Dravo-Groves,* slip op. at 4, when there is no danger of duplicating discovery or witness testimony to any significant extent, trying the same issues in two forums, or creating a lack of uniformity in interpreting the same contract provisions.

Defendant does not argue, as a separate ground for granting its motion, that transfer would serve the interest of justice, which is the second of the section 609(d) criteria. Judicial resources would not be utilized effectively were claims as to which discovery has not commenced transferred to a forum in which discovery is complete on other claims under the same contract or such claims already have been tried or are pending on summary disposition. Certainly, section 609(d) contemplates that a contractor will be allowed to file minor claims separately from major litigation in order to obtain speedy resolution of minor claims, unless the parties or witnesses would be inconvenienced or the interest of justice disserved. In this case discovery has advanced on one of the minor claims before the board, which also have been once briefed. Defendant represents that "a great deal has been done . . . ." on the ASBCA claims. Accordingly, the court concludes that the interest of justice will not be served by transferring the instant case to the ASBCA.

## CONCLUSION

Based on the foregoing,

IT IS ORDERED, as follows:

1. Defendant's motion to transfer plaintiff's claims in this court to the ASBCA is denied.

2. The parties shall file a Supplemental Joint Status Report by April 3, 1984, unless

defendant intends to file a dispositive motion by April 16, 1984. Defendant shall inform this court's law clerk at 202/633-7246 by April 2, 1984, if a dispositive motion will be filed.

3. If defendant does not intend to file a dispositive motion by April 16, 1984, a pretrial conference will be held at 9:30 a.m. on Friday, April 6, 1984, in the National Courts Building, 717 Madison Place, N.W., Washington, D.C. Counsel for plaintiff shall notify this court's law clerk by April 3, 1984, if he wishes to participate by telephone conference call to be placed by the court.