**BLOUNT, INC., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 203–88C.

United States Claims Court.

July 13, 1988.

Garth A. Schlemlein, Seattle, Wash., Atty. of Record, for plaintiff.

Paul D. Langer, Washington, D.C., with whom was Asst. Atty. Gen. John R. Bolton, for defendant.

## OPINION

REGINALD W. GIBSON, Judge:

Subject complaint was filed in this court on March 29, 1988, by Blount, Inc. (Blount), the successor to Blount Brothers Corporation. Damages in the amount of $415,464 are prayed for pursuant to the Contract Disputes Act of 1978, 41 U.S.C. § 601, *et seq.* (CDA).

Instead of filing an answer to said complaint, on June 13, 1988, there was filed in this court Defendant's Motion to Transfer and Defendant's Motion to Suspend Proceedings pending resolution of the transfer motion. The gravamen of defendant's threshold motion is that subject case should be transferred to the General Services Board of Contract Appeals (GSBCA) pursuant to 41 U.S.C. § 609(d), *i.e.*, the CDA, in the "interest of justice." After a careful review of the pleadings by the parties, with particular reference to the evidence supportive of the operative criteria bearing on the motion to transfer, this court finds that sound discretion compels that defendant's motion to transfer should be granted, in the interest of justice. Therefore, said motion to transfer, by this opinion, will be allowed, and defendant's motion to suspend is, as a consequence, moot.

### *Facts*

Plaintiff, Blount, Inc., is a Delaware corporation which has its principal place of business in Montgomery, Alabama. The General Services Administration (GSA) awarded to Blount Brothers Corporation,

the predecessor to plaintiff, a lump sum contract for the construction of the Federal Building East project in Portland, Oregon. This agreement, in the amount of $35.5 million, was executed pursuant to Project # NOR26500, and Contract # GS–10P–02633. Various change orders modified said contract, increasing the amount thereof to approximately $40.3 million, of which approximately $39.9 million has been paid to date. Thus, as previously stated, by this action plaintiff seeks to recover, *inter alia,* $415,464. The basis for said demand stems from the following circumstances: (i) plaintiff *sub* contracted the access flooring, the integrated ceiling system, and the acoustical ceiling to Washington Acoustical Company, Inc. (WACO); (ii) WACO, in turn, subcontracted with C–Tec, Inc., to provide the raised or "computer" flooring; (iii) in November 1984 and February 1985 plaintiff's predecessor made submissions # 25 and # 122 for payment, which were rejected in August 1985 by GSA; (iv) in January 1986 plaintiff, as a consequence of said rejection, filed certified claim # BB–953 with the contracting officer (CO) in the amount of $415,464 on behalf of WACO; (v) a final decision denying same was issued by the CO on March 31, 1987; and (vi) short of one year thereafter, *i.e.,* March 29, 1988, subject complaint was filed in this court on behalf of the subcontractor.

Prior to filing said complaint in this court, in March 1988, plaintiff's predecessor also had filed three separate cases with the GSBCA on its behalf as follows: GSBCA # 8665 on September 16, 1986; GSBCA # 8898 on March 17, 1987; and GSBCA # 8969 on May 5, 1987. One case involved the contractor's shoring and underpinning system, while the remaining two cases related to the apportionment of the compensable delay claims and disruption of work sequence. These claims before the GSBCA are being handled by the in-house counsel of GSA, whereas subject claim(s) in this court are being defended by the Department of Justice.

Additional claims (other than those pending in this court and before the GSBCA) have been submitted to the CO within GSA *by plaintiff,* the prime contractor, in the approximate amount of $10 million. Such claims are presently pending. Moreover, WACO, the *sub* contractor who is actually prosecuting the present claims in this court through plaintiff, also has additional claims presently pending before the CO within GSA.

### Discussion

█ Supportive of its entitlement to the grant of its motion to transfer, defendant relies on the plain and unambiguous language of the Contract Disputes Act, 41 U.S.C. § 609(d), which provides as follows:

If two or more suits arising from one contract are filed in the United States Claims Court and one or more agency boards, for the convenience of parties *or* witnesses *or* in the interest of justice, the United States Claims Court *may* order the consolidation of such suits in that court or transfer any suits to or among the agency boards involved.

(emphasis added). We read the operative provisions of the statute to provide that there are three separate circumstances under which this court "may," in its discretion, order the transfer of any suit to an agency board. The court may do so if it is—

(i) for the convenience of the parties, *or*

(ii) for the convenience of witnesses, *or*

(iii) in the interest of justice.

Given the fact that the disjunctive "or" is used transitionally on two occasions, *supra,* it is clear, beyond cavil, that the existence of all three criteria is *not* a prerequisite to the sound exercise of the court's discretion. To the contrary, the clarity of the foregoing pertinent provisions of the Act leaves no basis for doubt that it is only necessary for the movant to establish the existence of only *one* of the aforementioned criteria to be entitled to the favorable exercise of the court's discretion.

█ Moreover, it is axiomatic that the grant of a party's motion to transfer and consolidate is subject to the sound discretion of the court. *E.D.S. Federal Corp. v.*

*United States*, 1 Cl.Ct. 212, 214 (1983). In that connection, *Warwick Construction, Inc. v. United States*, 225 Ct.Cl. 567, 650 F.2d 289 (1980), teaches that a 41 U.S.C. § 609(d) transfer and consolidation may also be effected *sua sponte*.

Because a motion to transfer and consolidate is often made, as here, by the defendant, and against the wishes of the plaintiff who initiated the action in this court, it is helpful to explicate the legislative history of the CDA and the underlying philosophical bases of said statutory provision. We do so inasmuch as it confirms the court's perception of the proper construction thereof. The threshold observation is that the court is counseled that—

> ... when reviewing the decision to consolidate, [or transfer, it] should not arbitrarily take away the contractor's right to his day in court by consolidating two suits in the agency boards, and thus force one suit out of the court. *It is the intent of the section to make available the opportunity to consolidate like suits in one jurisdiction, but this action should weigh the positions of the parties involved.*

(emphasis added). S.Rep. No. 95–1118, 95th Cong., 2d Sess. 31, *reprinted in* 1978 U.S.Code Cong. & Ad.News 5235, 5265. Moreover, we are specifically counseled to *not* be *unmindful* as to the reasons why suits are split between a court and an agency board and, above all else, we "should not consolidate only for the sake of consolidation." *Id.*, 1978 U.S.Code Cong. & Ad. News at 5265. By the foregoing, therefore, we are clearly admonished that the operative facts shall be sharply "balanced against the statutory language that consolidation or transfer will be appropriate [only] when 'the interest of justice' or the 'convenience of parties' so prescribe." *Multi–Roof Systems Co. v. United States*, 5 Cl.Ct. 245, 248 (1984).

Against this background, defendant categorically contends, and we agree, that the granting of its Motion to Transfer is—"in the interest of justice," for four rather pragmatic reasons. Those reasons are as follows:

(i) The issues in dispute before both the board and this court stem from the same contract (# GS–10P–02633). *Space Age Engineering, Inc. v. United States*, 2 Cl.Ct. 164, 165 (1983); *E.D.S. Federal Corp.*, 1 Cl.Ct. at 214; *Roubin & Janeiro, Inc. v. United States*, 227 Ct.Cl. 580, 652 F.2d 70 (1981). Moreover, there are three separately docketed claims pending before the GSBCA in addition to the claim(s) pending here;

(ii) While the substantive facts underlying the issues before the board may necessarily differ from those before this court, it can be said that substantial overlapping and/or related background issues exist in both forums. *Space Age Engineering, Inc.*, 2 Cl.Ct. at 165; *Roubin & Janeiro, Inc.*, *supra*, 227 Ct.Cl. at 583, 652 F.2d at 70;

(iii) Litigation by plaintiff under this contract was *initially* instituted before the GSBCA in 1986 and 1987. On the other hand, suit was not filed in this court until approximately 11 months after the last claim was filed with the board, *i.e.*, March 29, 1988. It can be seen, therefore, that the board action(s) were filed as early as 18 months and no less than a little over 10 months *prior* to the filing of the complaint in this court. Because of the foregoing, it is not unreasonable to infer, and we so find, that some significant progress has been made in the prosecution of the board's cases. Conversely, with regards to the claims pending before this court, all that has occurred is defendant's filing of the motion to transfer. *See Warwick Construction, Inc. v. United States*, 225 Ct.Cl. 567, 571, 650 F.2d 289 (1980). In point of fact, as of this date, defendant has not even filed its responsive answer to the complaint; and

(iv) Notwithstanding the pending separate actions before the board and in this court, there is also presently pending before the contracting officer two additional claims *in excess* of $10 million. Both claims are pursued in the plaintiff's name; however, one is prosecuted for the benefit of its subcontractor. Upon the issuance of a final decision by the CO regarding these

*new* administrative claims, plaintiff could again split its causes of action before the GSBCA and this court.

Plaintiff, on the other hand, strenuously opposes both of defendant's motions. With reference to the motion to transfer and consolidate, plaintiff avers, in short, that the established criteria, *supra*, are in the conjunctive. Next, plaintiff argues that given the fact that at least one of the criteria is not met, *i.e.*, the issues are neither the same nor do they overlap in each forum, it is not in the interest of justice to transfer the claims in this court to the GSBCA. To do so, on these facts, argues plaintiff, would not reflect the exercise of sound discretion by this court, but rather would manifest an abuse of discretion.

In the circumstances of the present predicament, *i.e.*, claims pending under the same contract before the Claims Court, the GSBCA, and the CO, unless this court exercises its discretion and consolidates the former two in the GSBCA, it is inevitable that the litigation stemming out of this contract in separate forums will not only be exacerbated by a possible *further* split of litigable claims (*i.e.*, those pending with the CO), but it is incontrovertible that such results will further duplicate the effort by the parties. For this court to permit such to occur would inevitably result in unnecessary, expensive, wasteful, and inefficient litigation. By consolidating before the board, where the same counsel for each party would handle all claims, such would undoubtedly ensure a greater degree of efficiency and economy. This is particularly true whereas here the claims have been pending before the GSBCA for as much as 18 and no less than 10 months prior to the filing in this court. Furthermore, and supportive of defendant's motion, the issues presently before the GSBCA are admittedly more complex than those pending in this court. It is too clear for debate that it would be substantially easier and less time-consuming for defendant's counsel, before the GSBCA, to get up to speed regarding the claims pending in this court, upon a transfer, rather than the new government counsel doing so upon a transfer of the board's claims to this court. Given said circum-

stances, we are constrained to find that the interest of justice would clearly be served by the transfer and consolidation at the board level.

While plaintiff makes much ado of the fact that the substantive issues, at the respective forums, are not the same nor do they allegedly overlap, we do not, on the facts here, find that circumstance to be fatal to defendant's motion. Weighing the positions of the parties, as required, we believe the most probative fact here warranting the grant of defendant's motion, aside from the existence of the same contract involved in both forums, is the significant point that the claims have been in litigation before the GSBCA for a minimum of 10 and a maximum of 18 months. This is entirely too great a circumstance to overlook in the exercise of our discretion, notwithstanding the fact that the substantive issues are not the same in each forum. It is enough, on the facts here, where obviously there are substantial overlapping background issues existing in both forums, and the fact that substantial work has occurred before the GSBCA, whereas nothing of significance has been done before this court, to find that the interest of justice compels the exercise of our discretion in favor of defendant's motions. Neither the interest of justice nor the convenience of the parties will be served by permitting these cases to be prosecuted in separate forums, and we so hold. In reaching this position, we have carefully weighed the positions of both parties, rather than the defendant's alone.

Defendant's motion to transfer and consolidate at the GSBCA is hereby granted, whereas its motion to suspend is denied as moot.

IT IS SO ORDERED.