**GIULIANI CONTRACTING CO. INC. Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 90–214–C.**

United States Claims Court.

July 26, 1990.

Ronald S. Perlman, Washington, D.C., for plaintiff.

Joan M. Bernott, Washington, D.C., with whom was Stuart M. Gerson, Asst. Atty. Gen., for defendant.

OPINION

RADER, Judge.

Plaintiff, Guiliani Contracting Company, contracted with the Department of the Army (the Army) to replace sanitary sewers at West Point Military Academy. During performance, plaintiff claimed delay damages. The Contracting Officer (CO)

rejected the claims. Plaintiff subsequently filed a complaint with the United States Claims Court. Defendant moved under the Contract Disputes Act to transfer this action to the Armed Services Board of Contract Appeals (ASBCA or Board) where two claims on the same contract are now pending.

Due to the clarity of law and facts in the written briefs, no oral argument on defendant's motion is necessary. In the interest of justice and for the convenience of the parties, this court grants defendant's motion to transfer this case to the ASBCA.

*Facts*

On July 2, 1985, plaintiff entered a contract with the Army to replace sanitary sewers at the United States Military Academy in West Point, New York. Plaintiff promised to furnish labor, material and equipment to replace gravity sewer pipe.

Work suspensions, differing site conditions, and design defects allegedly delayed plaintiff's performance. Plaintiff submitted over thirty claims to the CO. The CO provided several final opinions on plaintiff's claims. In November 1988, the CO determined that three audits by the Defense Contract Audit Agency (DCAA) did not support plaintiff's delay claims.

On January 8, 1990, the CO denied finally twenty of the unresolved claims. On March 9, 1990, plaintiff appealed the CO's decision to the Claims Court. Plaintiff seeks $539,974.00 in damages, as well as interest and attorneys' fees.

Prior to instituting an action in the Claims Court, plaintiff filed with ASBCA other claims springing from the same contract. Plaintiff ultimately resolved eighteen of these claims through negotiated settlement or litigation.[1]

ASBCA claim Nos. 39505 and 39506 remain at the present before the Board. *Appeal(s) of Giuliani Contracting Co. Inc. under Contract No. DAAG 60–85–C–0206*

(docketed September 11, 1989). In ASBCA No. 39505, plaintiff seeks $18,141.00 for a work suspension on the West Point contract between May 29 and to June 5, 1986. In ASBCA No. 39506, plaintiff seeks similar costs for a suspension of work between May 8 and May 21, 1986. *Id.*

On June 20, 1990, defendant moved to transfer plaintiff's Claims Court complaint to the ASBCA. Defendant seeks to consolidate this action with ASBCA Nos. 39505 and 39506 because the claims involve the same contract, cover closely related issues, arose initially before the ASBCA, and would avoid duplicative efforts.

Plaintiff opposes the motion. Plaintiff argues that the Claims Court and ASBCA claims do not present overlapping factual or legal issues. Further, according to plaintiff, consolidation would not eliminate duplicative efforts and has only marginal benefit at best because the ASBCA has not yet expended substantial time on its pending claims.

*Discussion*

 Section 10(d) of the Contract Disputes Act states:

> If two or more suits arising from one contract are filed in the United States Claims Court and one or more agency boards, for the convenience of parties or witnesses or in the interest of justice, the United States Claims Court may order the consolidation of such suits in that court or transfer any suits to or among the agency boards involved.

41 U.S.C. section 609(d) (1988). Thus, the Claims Court may either consolidate suits within the court or transfer suits to the appropriate agency board. The decision to consolidate or transfer suits. is within the court's discretion. *Warwick Constr., Inc. v. United States*, 225 Ct.Cl. 567, 650 F.2d 289 (1980). The issues in dispute before the ASBCA and the Claims Court stem from the same contract. Thus, the circum-

---

1. These include: ASBCA No. 37175—dismissed for settlement on November 10, 1988, by Judge Mark Stempler; ASBCA No. 37174—decided on June 16, 1989, by Judge Mark N. Stempler; ASBCA Nos. 32614, 32615, 33149—heard by Judge Stempler; ASBCA No. 33341—decided by Judge Stempler; ASBCA Nos. 33587 and 35318; ASBCA Nos. 39387, 39288, 39389, and 39390—dismissed as untimely.

stances before this court satisfy the statutory requirement that suits "arise from one contract". 41 U.S.C. § 609(d).

Therefore, this court may appropriately apply section 609(d). Section 609(d) identifies three standards for deciding whether to transfer or consolidate. The statute employs the disjunctive "or" to indicate that any single standard—convenience of the parties, convenience of witnesses, or interests of justice—justifies consolidation or transfer.[2]

■ The Claims Court and its predecessor have articulated several factors for determining whether justice or convenience favors transfer:

(1) Whether the disputes before the board and the court concern the same contract. *Roubin & Janeiro, Inc. v. United States*, 227 Ct.Cl. 580, 652 F.2d 70 (1981); *Space Age Engineering, Inc. v. United States*, 2 Cl.Ct. 164, 165 (1983); *E.D.S. Federal Corp. v. United States*, 1 Cl.Ct. 212, 214 (1983).

(2) Whether the claims before the court and board duplicate claims or involve overlapping and related issues. *Roubin & Janeiro, Inc.*, 227 Ct.Cl. at 585, 652 F.2d at 70; *David J. Tierney, Jr., Inc. v. United States*, 226 Ct.Cl. 686, 687–88 (1981); *Space Age Engineering, Inc.*, 2 Cl.Ct. at 165.

(3) Whether plaintiff initially chose to appeal its claims before a court or a board. *David J. Tierney, Jr., Inc.*, 226 Ct.Cl. at 687; *E.D.S. Federal Corp.*, 1 Cl.Ct. at 214.

(4) Whether one forum or the other has already made significant progress on the claim. *Warwick Construction, Inc.*, 225 Ct.Cl. at 571, 650 F.2d at 289; *Space Age Engineering, Inc.*, 2 Cl.Ct. at 165; *Blount, Inc. v. United States*, 15 Cl.Ct. 146, 148

(1988); *E.D.S. Federal Corp.*, 1 Cl.Ct. at 214.

(5) Whether concurrent resolution would result in an inefficient allocation of court, board, and party resources. *Warwick Construction, Inc.*, 225 Ct.Cl. at 571, 650 F.2d at 289; *Space Age Engineering, Inc.*, 2 Cl.Ct. at 165; *Blount, Inc.*, 15 Cl.Ct. at 149; *E.D.S. Federal Corp.*, 1 Cl.Ct. at 214.

(6) Whether separate forums could reach inconsistent results when interpreting the same contract. *Space Age Engineering, Inc.*, 2 Cl.Ct. at 165.

These factors each favor granting the defendant's motion to transfer this case to the ASBCA. Applying these factors to this case, this court determines that defendant has shown that transfer would satisfy interests of justice and convenience.

With regard to the first and second factors, plaintiff's claims before this court and the ASBCA involve overlapping issues on the same contract. While the details of issues before this court and the ASBCA differ, as plaintiff suggests, proofs inevitably will overlap. Both suits require presentations of similar evidence on the same contract. One forum, therefore, should hear and decide the issues.

With regard to the third factor, plaintiff initially elected to appeal its claims to the ASBCA, rather than to the Claims Court. Two docketed actions on this contract remain now on ASBCA's docket. Moreover, the Board has already decided numerous other claims from the same contract. Plaintiff clearly chose the ASBCA as its principal forum. At this late stage in the entire cycle of litigation on this contract, a switch to the Claims Court has overtones of forum shopping.

With regard to the fourth factor, the Claims Court has expended a negligible

---

2. For a discussion of these clear statutory standards, *see* S.Rep. No. 95–1118, 95th Cong., Sess. 31, *reprinted in* 1978 U.S.Code Cong. & Ad.News 5235, 5265; *see also E.D.S. Federal Corp.*, 1 Cl.Ct. at 214; *Roubin & Janeiro, Inc. v. United States*, 227 Ct.Cl. 580, 582, 652 F.2d 70 (1981). The Senate Report states:

The Court of Claims, when reviewing the decision to consolidate, should not arbitrarily take away the contractor's right to his day in court

by consolidating two suits in the agency boards, and thus forcing one suit out of the court. It is the intent of this section to make available the opportunity to consolidate like suits in one jurisdiction, but this action should weigh the position of the parties involved.

S.Rep. No. 95–1118, 95th Cong., Sess. 31, *reprinted in* 1978 U.S.Code Cong. & Ad.News 5235, 5265.

amount of time relative to ASBCA's more extensive efforts on issues springing from this contract. This court has not yet addressed plaintiff's claim, except to schedule future proceedings. The ASBCA, on the other hand, has expended a considerable amount of time on plaintiff's past appeals under the same contract. The Claims Court therefore would have to climb a much steeper learning curve. This factor supports transfer to ASBCA, rather than consolidation within the Claims Court.

The fifth factor suggests that even if this court did entertain plaintiff's action, the litigation would duplicate efforts and waste judicial resources. Both forums presently must deal with delay and differing site condition claims on the West Point contract. Presentations of similar evidence need not occur in both forums. Permitting the ASBCA to deal with all claims would also foster uniformity in the interpretation of the same contract.

In sum, then, defendants' motion fits squarely within the express language of 609(d). This case presents two or more suits arising from the same contract. Plaintiff resolved several similar claims at ASBCA before approaching the Claims Court. Other similar claims on the same contract remain before ASBCA. Under these circumstances, the parties and witnesses will more conveniently appear before a single forum. Moreover, adjudication before a single forum will promote the interests of justice by ensuring uniformity of contract interpretation and conservation of judicial resources. Defendant has shown that all three justifications for transfer exist.

### Conclusion

This court has carefully weighed the positions of both parties as well as factors articulated by the Claims Court and its predecessor. Defendant's motion for transfer serves the interests of justice and the convenience of the parties and witnesses. The court grants defendant's motion

and directs the clerk of the court to transfer the case to the ASBCA.