**In re MORSE DIESEL INTERNATIONAL, INC. d/b/a AMEC Construction Management, Inc., Petitioner.**

Misc. No. 808.

United States Court of Appeals, Federal Circuit.

Jan. 9, 2006.

Before MICHEL, Chief Judge, NEWMAN and BRYSON, Circuit Judges.

## ORDER

BRYSON, Circuit Judge.

Morse Diesel International, Inc. d/b/a AMEC Construction Management, Inc. (ACMI) petitions for a writ of mandamus to direct the United States Court of Federal Claims to vacate its July 15, 2005 order directing the transfer of General Services Administration Board of Contract Appeals (GSBCA) No. 16503 to the Court of Federal Claims. *Morse Diesel Int'l, Inc. v. United States,* 66 Fed.Cl. 801 (2005).

ACMI filed a complaint in the trial court alleging breach of contract and breach of obligation of good faith and fair dealing concerning ACMI's contract for the construction of a courthouse in St. Louis, Missouri. The United States filed counterclaims and a special plea in fraud concerning not only the St. Louis courthouse contract, but also three other contracts including a contract for the construction of a courthouse in Sacramento, California. ACMI completed work on the Sacramento courthouse and filed a claim with the contracting officer. The contracting officer did not issue a final decision and ACMI filed an action concerning the Sacramento courthouse contract with the GSBCA.

The trial court granted the United States' motion to transfer the GSBCA action to the Court of Federal Claims pursuant to 41 U.S.C. § 609(d). ACMI now asks that we vacate the trial court's transfer order.

Pursuant to § 609(d), if two or more suits arising from one contract are filed in the Court of Federal Claims and an agency board, the Court of Federal Claims may order the consolidation or transfer of such suits. ACMI argues that the trial court improperly transferred because § 609(d) allows such a transfer only if a contractor splits its cause of action concerning one contract. ACMI argues that in determining whether a transfer pursuant to § 609(d) is appropriate, only the contractor's claims, not the United States' counterclaims, are relevant. ACMI contends that because the Sacramento contract was introduced into the Court of Federal Claims proceeding only through counterclaims, the Court of Federal Claims proceeding does not arise under the Sacramento contract and transfer pursuant to § 609(d) was improper.

The United States argues that the counterclaims it filed concerning the Sacramento contract in the Court of Federal Claims in 1999 are part of the suit before the trial court and thus the suit arises in part from the Sacramento contract. Therefore, the United States contends, there are two or more suits arising from the same contract and the trial court's order transferring the GSBCA case to the Court of Federal Claims pursuant to § 609(d) was proper. Further, the United States points out that the trial court has made a determination finding ACMI liable for kickbacks on four General Services Administration contracts, including the Sacramento contract.

The remedy of mandamus is available only in extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power. *In re Calmar, Inc.,* 854 F.2d 461, 464 (Fed.Cir.1988). A party seeking a writ bears the burden of proving that it has no other means of attaining the relief desired, *Mallard v. U.S. Dist. Court for the Southern Dist. of Iowa,* 490 U.S. 296, 309, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989), and that the right to issuance of the writ is "clear and indisputable," *Allied Chemical Corp. v. Daiflon, Inc.,* 449 U.S. 33, 35, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980). A court may deny mandamus relief "even though on normal appeal, a court

might find reversible error." *In Re Cordis Corp.*, 769 F.2d 733, 737 (Fed.Cir.1985).

It is ACMI's burden to demonstrate that its right to a writ is clear and indisputable. ACMI cites no Federal Circuit precedent to support its argument concerning whether both suits arise under the same contract. We are not convinced that ACMI has satisfied the difficult burden of showing that it has a clear and indisputable right to issuance of a writ of mandamus.

Accordingly,

IT IS ORDERED THAT:

ACMI's petition for a writ of mandamus is denied.